# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAFAEL ALFREDO SARRIA DIAZ** <br> Paseo del Conde de los Gaitanes 11 <br> 28109 Alcobendas <br> Madrid, Spain <br><br> *Plaintiff,* <br><br> v. <br><br> **BRADLEY T. SMITH, in his official capacity as Director of the United States Department of the Treasury, Office of Foreign Assets Control** <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br> *Defendant,* <br><br> and <br><br> **THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL** <br> 1500 Pennsylvania Avenue, NW <br> Freedman's Bank Building <br> Washington, D.C. 20220 <br><br> *Defendant.* | Case No. 1:23-cv-3417 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Rafael Alfredo Sarria Diaz brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Bradley T. Smith, and in support of his complaint alleges the following:

**NATURE OF THE CASE**

1. This Complaint arises from Defendant OFAC's continued and unlawful failure to adjudicate Plaintiff's petition seeking rescission of his designation under Executive Order ("E.O.") 13692 rescinded, and the removal of his name from OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2. On May 18, 2018, OFAC designated Plaintiff under E.O. 13692 and added his name to the SDN List. U.S. Dep't of the Treasury, *Treasury Targets Influential Former Venezuelan Official and His Corruption Network*, May 18, 2018, *available at*: https://home.treasury.gov/news/press-releases/sm0389; Notice of OFAC Sanctions Actions, 83 Fed. Reg. 25,114 (May 31, 2018).

3. On May 18, 2021, Plaintiff filed a petition for removal with Defendant OFAC seeking the rescission of that designation and the removal of his name from the SDN List. In his submission, Plaintiff expressed his interest in opening a dialogue with Defendant OFAC to address its concerns which ultimately served as the basis for his designation. Plaintiff later supplemented this submission on August 31, 2021 and argued that the factual basis for his designation was in error.

4. In response to Plaintiff's petition, Defendant OFAC issued a questionnaire to Plaintiff, which he provided timely and substantive responses to on August 31, 2021. Since that time, Plaintiff has repeatedly sought to engage further with Defendant OFAC as to his petition, however, Defendant OFAC has merely responded by stating that Plaintiff's matter is pending.

5. It has been over two years since Defendants have sought any additional, clarifying, or corroborating information in connection with its review of Plaintiff's petition for removal and nearly two and a half years since Plaintiff originally filed his petition requesting rescission of his

designation. Plaintiff's petition, however, remains pending with no indication of when Defendant OFAC will issue a final decision with respect to that petition.

6. By failing to timely adjudicate Plaintiff's petition for removal, Defendants have prolonged the severe harm imposed on Plaintiff and his commercial, financial, and reputational interests arising from his designation. With no end in sight to Defendants' delay, Plaintiff seeks this Court's intervention to direct Defendants to adjudicate Plaintiff's pending petition.

## JURISDICTION AND VENUE

7. This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

9. Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

10. Plaintiff is a citizen of Venezuela and Spain and is and was at all times relevant herein residing at Paseo del Conde de los Gaitanes 11, 28109 Alcobendas, Madrid, Spain.

11. On May 18, 2018, Plaintiff was designated under E.O. 13692, and his name was added to the SDN List.

12. Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building,

Washington D.C. 20220. Defendant OFAC is responsible for maintaining and administering the SDN List. This includes by placing persons on and removing persons from the SDN List consistent with E.O. 13692 and the implementing regulations located at 31 C.F.R. Parts 501 and 591, the "Reporting, Procedures and Penalties Regulations" and the "Venezuela Sanctions Regulations," respectively. Defendant OFAC was responsible for designating Plaintiff under E.O. 13692 and adding his name to the SDN List.

13. Defendant Bradley T. Smith is the Director of OFAC. In this role, Defendant Smith is responsible for overseeing and directing OFAC's operations, including the adjudication of delisting requests. Defendant Smith is sued in his official capacity.

**FACTUAL ALLEGATIONS**

**A.   OFAC Designates Plaintiff Under Executive Order 13692**

14. Under the powers granted by the International Emergency Economic Powers Act ("IEEPA") the President issued E.O. 13692, "Blocking Property and Suspending Entry of Certain Persons Contributing to the Situation in Venezuela."

15. E.O. 13692 authorizes the Secretary of the Treasury to designate and impose blocking sanctions on persons determined, in consultation with the heads of other federal agencies, to meet the criteria for designation enumerated therein. In relevant part, E.O. 13692 authorizes the Secretary of the Treasury to impose blocking sanctions on persons determined to be a "current or former official of the Government of Venezuela" as well as persons determined to have acted for or on behalf of anyone designated pursuant to E.O. 13692. Exec. Order No. 13692 Sec. 1(a)(ii)(C); Exec. Order No. 13692 Sec. 1(a)(ii)(E).

16. Persons who are designated under E.O. 13692 are subject to blocking sanctions and are added to OFAC's SDN List. 31 C.F.R. § 591.201(a), Note 1.

4

17. On May 18, 2018, Defendant OFAC designated Diosdado Cabello Rondón under Section 1(a)(ii)(C) for being a current or former official of the Government of Venezuela.

18. On May 18, 2018, Defendant OFAC designated Plaintiff under Section 1(a)(ii)(E) of E.O. 13692 and included his name on the SDN List. Notice of OFAC Sanctions Actions, 83 Fed. Reg. 25,114 (May 31, 2018). As a result, all property in which Plaintiff has an interest that is or comes within the United States or the possession or control of a United States person is blocked and cannot be transferred, paid, exported, withdrawn, managed, or otherwise dealt in. Exec. Order No. 13692 Sec. 1(a).

19. Specifically, OFAC designated Plaintiff "for having acted for or on behalf of, [Diosdado Cabello Rondón]," a person designated under E.O. 13692. Notice of OFAC Sanctions Actions, 83 Fed. Reg. 25,114.

20. As part of the same designation action, Defendant OFAC blocked three Florida-based companies owned by Plaintiff: SAI Advisors Inc., Noor Plantation Investments LLC, and 11420 Corp. *Id.*

### B.   Plaintiff's Petition for Removal

21. Defendant OFAC has promulgated and administers regulations and procedures by which persons blocked pursuant to its regulations and identified on the SDN List may seek their removal from the SDN List. *See* 31 C.F.R. § 501.807, Procedures Governing Delisting from the Specially Designated Nationals and Blocked Persons List. Those procedures allow an interested party to: (i) request reconsideration due to an insufficient legal or factual basis for the designation; (ii) assert that the circumstances resulting in the designation no longer apply; and (iii) propose remedial measures intended to negate the basis of the designation. *Id.*

22. Defendant OFAC has also provided guidance concerning removal from the SDN List. U.S. Dep't of the Treasury, Filing a Petition for Removal from an OFAC List, https://home.treasury.gov/policy-issues/financial-sanctions/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list/. This guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*. The guidance also offers examples of situations in which a delisting might be warranted, including "a positive change in behavior" or when "the basis of designation no longer exists." *Id*.

23. On May 18, 2021, Plaintiff wrote to Defendant OFAC and requested to begin a dialogue with OFAC that would result in OFAC rescinding Plaintiff's designation under E.O. 13692. Plaintiff's letter to Defendant OFAC explained that Plaintiff was willing to meet with OFAC and other relevant government agencies to address the U.S. government's concerns with Plaintiff. Plaintiff's letter also requested that Defendant OFAC inform all appropriate agencies that may have an interest in speaking with Plaintiff so that Plaintiff can hear and address such concerns.

24. Defendants assigned Plaintiff's delisting request Case ID: VENEZUELA-14261.

25. On June 1, 2021, Defendant OFAC emailed Plaintiff thanking him for his May 18, 2021 correspondence which requested a meeting with OFAC. OFAC declined the meeting request but invited Plaintiff to submit any additional information he wanted in support of his delisting request.

26. On June 3, 2021, Defendant OFAC issued a questionnaire to Plaintiff seeking additional, clarifying, and corroborating information in connection with Plaintiff's request to have his designation rescinded. Specifically, Defendant OFAC requested Plaintiff to provide personal identifying information, as well as information regarding Plaintiff's personal and business

relationships. Defendant OFAC's questionnaire also declined Plaintiff's request for a meeting stating that it was premature at that time.

27. On August 30, 2021, Plaintiff responded to that questionnaire and provided additional information in the form of a Petition for Removal pursuant to OFAC's procedures governing delisting from the SDN List. *See generally* 31 C.F.R. § 501.807. Plaintiff's responses to the questionnaire provided Defendant OFAC with personal identifying information, information on Plaintiff's relationships with sanctioned persons and entities, and information regarding the legal proceedings Plaintiff has been involved in.

28. In the Petition for Removal section of Plaintiff's August 30, 2021 submission, Plaintiff provided information and supporting documentation showing that there is an insufficient basis for his designation.

29. Specifically, Plaintiff's petition addressed the allegations Defendant OFAC made in its press release announcing Plaintiff's designation. Plaintiff refuted OFAC's allegation that he had an illicit business or other relationships with Cabello since 2010. Plaintiff also explained that he had not had a business relationship with Cabello, nor had he transferred money on behalf of Cabello. Instead, Plaintiff's relationship with Cabello was merely a social one.

30. Further, Plaintiff explained that he currently lives in Spain and does not communicate with Cabello. Further, Plaintiff explained that the properties that OFAC alleged Plaintiff bought on Cabello's behalf had either been blocked due to Plaintiff's designation or had been in the process of being sold at auction. Thus, Plaintiff's submission to OFAC asserted that he had ceased contact with Cabello—which, in any event, had always been social in nature, and not related to business or financial dealings—and did not manage properties on behalf of Cabello.

7

31. Defendant OFAC acknowledged receipt of Plaintiff's questionnaire response and Petition for Removal on August 30, 2021.

32. On October 21, 2021, Plaintiff requested an update from Defendant OFAC on the status of his pending Petition for Removal. OFAC acknowledged receipt of Plaintiff's request the same day and informed him that his "request for reconsideration is currently under review" and that OFAC was "working diligently to reach a decision" concerning Plaintiff's Petition for Removal.

33. On January 14, 2022, Plaintiff requested an update from OFAC on his pending delisting petition noting that he had not received any substantive response since he filed his Petition for Removal and questionnaire response on August 30, 2021.

34. On April 12, 2022, Defendant OFAC informed Plaintiff that it had received his January 14, 2022 correspondence as well as his previous request for a meeting with OFAC. Defendant OFAC's April 12, 2022 correspondence further explained that "OFAC would like to propose a debrief of [Plaintiff] the week of May 2, 2022 via videoconference" and that Plaintiff should inform OFAC the days and times that work for him.

35. On April 15, 2022, Plaintiff responded to Defendant OFAC's April 12, 2022 correspondence. Plaintiff informed OFAC that he welcomes the opportunity to meet with OFAC and proposed a meeting on May 31, 2022. Plaintiff also requested a call with OFAC and Plaintiff's counsel to discuss logistical issues prior to the meeting with Plaintiff.

36. Defendant OFAC responded on April 19, 2022 proposing a call on April 20, 2022 with Plaintiff's counsel to discuss the logistical issues.

37. On April 20, 2022, Plaintiff's counsel held a phone call with Defendant OFAC to discuss issues surrounding the logistics of setting up a meeting with Plaintiff.

38. On June 17, 2022, Plaintiff filed a letter with Defendant OFAC and noted that Plaintiff wanted to continue dialogue with OFAC. OFAC did not substantively respond to that communication.

39. On October 7, 2022, Plaintiff requested an update from Defendant OFAC regarding the status of his pending Petition for Removal. OFAC did not respond substantively to that request.

40. Although over two years has passed since Plaintiff responded to Defendant OFAC's June 3, 2021 questionnaire, Defendants have failed to adjudicate Plaintiff's delisting petition, or provide an explanation for the what causes have delayed that adjudication.

### C. Harm Suffered by Plaintiff

41. Defendants' designation of Plaintiff and its unreasonable delay in adjudicating Plaintiff's petition for removal has caused substantial harm to Plaintiff personally, professionally, and financially, as well as reputationally, which is upending his ability to conduct basic transactions to support his livelihood.

42. Specifically, OFAC's allegations that Plaintiff is Cabello's front man, that Plaintiff advises and assists Cabello, and that Plaintiff profits from Cabello's corrupt profits and illegal proceeds have caused him to lose previous his business and banking relationships, and caused his family members' great difficulties in maintaining their banking relationships.

43. Further, many financial institutions outside the United States, including in Switzerland, Spain, and France, have closed or restricted the financial accounts Plaintiff and his family held at banks in these jurisdictions, despite not being legally required to do so. Moreover, Plaintiff has had difficulties maintaining certain services previously provided to him. For example, Plaintiff previously had health insurance policies with a non-U.S. health insurance company, Bupa, in his and his family's name. Bupa, however, has discontinued providing services to Plaintiff and

his family despite the prohibitions arising from Plaintiff's sanctions designation not prohibiting Bupa from doing so.

44. Plaintiff's ongoing suffering and the loss of his wealth, property, and assets are a direct result first of the actions taken by Defendants in imposing sanctions on Plaintiff, and now by unreasonably delaying the adjudication of Plaintiff's petition for removal.

## CAUSE OF ACTION

### COUNT I

**DEFENDANTS' FAILURE TO RENDER A DECISION ON PLAINTIFF'S PETITION FOR REMOVAL CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT**

45. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

46. The Administrative Procedure Act ("APA") requires agencies to "conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives within a reasonable time." 5 U.S.C. § 555(b).

47. Under the APA, reviewing courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

48. Defendants' failure to render a decision on Plaintiff's May 18, 2021 petition for removal constitutes unreasonable delay under the APA. Plaintiff will continue to suffer the consequences of his designation so long as Defendants persist in refusing to render a final decision in Case ID: VENEZUELA-14261.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to issue a written, reasoned decision on Plaintiff's request for removal in Case ID: VENEZUELA-14261, which has been pending since May 18, 2021;

B. Grant an award to Plaintiff's costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et* seq., and any other applicable provision of law; and

C. Grant such other and further relief as the Court may deem just and proper.

Dated: November 14, 2023

Respectfully submitted,

/s/ Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*

11